IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 23-56-M-DLC |
| Plaintiff, | |
| vs. | NOTICE AND ORDER |
| KERMIT TY POULSON, | |
| Defendant. | |

This matter comes before the Court on a Kermit Ty Poulson's ("Poulson")

pro se "Motion for Habeas Corpus 2255 and New Detention Hearing."  (Doc. 85.)

Poulson is presently incarcerated at the Victorville Penitentiary in Adelanto,

California.  Poulson's trial counsel, Jordan Kilby ("Kilby"), also seeks to withdraw

as counsel of record.  (Doc. 86.)

On May 5, 2026, this Court held a final revocation hearing regarding

Poulson's supervised release.  *See*, Min. (Doc. 79.)  Kilby represented Poulson at

the hearing.  Poulson was sentenced to the custody of the Bureau of Prisons for 8

months with no supervision to follow.  Judg.  (Doc. 80.)  Poulson did not file a

notice of appeal.

In his present filing, Poulson alleges he has been subjected to cruel and

1

unusual punishments at Victorville.  (Doc. 85 at 1-2.)  He also alleges that Victorville is violent and overcrowded and does not provide him any opportunities for rehabilitation.  (*Id*. at 2.)  Poulson states that he is being denied accommodations under the Americans with Disabilities Act.  (*Id*. at 2-3.)  Poulson also believes that the Undersigned and Magistrate Judge DeSoto demonstrated bias against him in the underlying proceedings.  (*Id*. at 3.)  Poulson asks that he be released so that he may obtain adequate medical care; he also suggests that he is actually innocent of the underlying violations of his supervised release.  (*Id*. at 4.)

As filed, Poulson's motion provides no viable avenue for relief.  To the extent that Poulson believes he is entitled to compassionate release or relief from the sentence he is presently serving, he must file a separate motion pursuant to 18 U.S.C. §3582(c).

To the extent that Poulson seeks to challenge the current conditions of his confinement, he is advised the claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition.  *See, Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition.").  Moreover, this Court is without jurisdiction to address such claims.  Poulson's challenges to the conditions of his confinement in California are also not properly before this Court.

2

Venue is not proper in this district as all of the events giving rise to Poulson's purported claims occurred in California, which is outside of the Federal District of Montana.  *See* 28 U.S.C. § 1391(b).

Under 28 U.S.C. §2255, a person in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…may move the court which imposed the sentence to vacate, set aside or correct the sentence."  If a court finds that the sentence was imposed in violation of federal law, it may grant a new trial, discharge the person in custody, or correct the sentence that was imposed. §2255(b); *see also, United States v. Barron*, 172 F. 3d 1153, 1157 (9th Cir. 1999).

While Poulson did characterize his filing as a request for relief pursuant to § 2255, it appears that is not the avenue under which Poulson intends to proceed.  As explained herein, he has not stated a cognizable claim in federal habeas. Accordingly, the motion, as filed, will be dismissed.

Should Poulson wish to proceed in challenging the conditions of confinement, he must file an action in the proper venue.  If he seeks compassionate release, he should file an appropriate motion addressing the relevant considerations.

Accordingly, IT IS HEREBY ORDERED:

1. Poulson's motion for habeas relief and detention hearing (Doc. 85) is

DISMISSED without prejudice.  The Clerk is instructed to close the civil case that was opened in conjunction with the filing of Motion.

2.   Kilby's motion to withdraw as attorney (Doc. 86) is GRANTED.  Kilby is withdrawn as counsel of record for Poulson.

DATED this 6th day of July, 2026.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Court Judge